[617 NYS2d 104]

In the Matter of FRANK A. CISSI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 30, 1994

### APPEARANCES OF COUNSEL

*Paul J. Ginnelly,* Syracuse, for petitioner.

*Frank A. Cissi,* Utica, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on March 12, 1952, and maintains an office in Utica. The Grievance Committee filed a petition charging respondent with conversion of funds belonging to an estate and seeking restitu-

tion of those funds. Respondent has filed an answer admitting the material allegations of the petition.

The petition alleges, and respondent admits, that, on August 7, 1992, respondent deposited $63,223, representing the proceeds of the sale of a decedent's residence, into an account entitled "Frank A. Cissi, Trustee". Respondent further admits that he made unauthorized withdrawals from that account between April and December 1993, that he told the executor that he had "borrowed" the funds to pay medical and other personal expenses, and that he gave the executor a promissory note for the missing funds and defaulted on the note.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—by engaging in conduct involving dishonesty;

DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7])—by engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (B) (1) and (2) (22 NYCRR 1200.46 [b] [1], [2])—by failing to preserve and identify the funds of other persons received incident to his practice of law in a bank account or accounts separate from all other accounts; and

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—by failing to promptly deliver client funds.

We have considered respondent's previously unblemished record and conclude that he should be suspended for two years and until the further order of this Court. Additionally, respondent should be directed to make restitution of the funds misappropriated.

DENMAN, P. J., GREEN, PINE, FALLON and CALLAHAN, JJ., concur.

Order of suspension entered.